# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RAFAEL HERNANDEZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CASE NO.: 12-CV-4332 |
| ) | |
| MARC HODGE, Warden, ) | Judge Robert M. Dow, Jr. |
| Lincoln Correctional Center, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Respondent Marc Hodge's motion to dismiss [8] Petitioner Rafael Hernandez's petition for habeas corpus [6] on the ground that the petition is time barred under the one year statute of limitations that applies to federal habeas corpus petitions under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). For the reasons stated below, Respondent's motion [8] is granted.

## I.   Background

On September 22, 2006, Petitioner pleaded guilty in the Circuit Court of Cook County to one count of aggravated criminal sexual assault and was sentenced to twelve years in prison. Petitioner did not move to withdraw his guilty plea. He currently is in the custody of Respondent, the Warden of the Lincoln Correctional Center in Lincoln, Illinois.

Nearly three years later, on August 24, 2009, Petitioner filed a state post-conviction petition in the Circuit Court of Cook County. His post-conviction proceedings concluded on May 14, 2012, when his petition for a writ of certiorari was denied by the United States Supreme Court. See *Hernandez v. Illinois*, 132 S. Ct. 2390 (2012). On May 30, 2012, Petitioner signed

this federal habeas petition, raising four issues: (a) the trial court failed to admonish him, prior to accepting the guilty plea, that he would have to serve a term of mandatory supervised release (MSR) after his release from prison; (b) the MSR term violates separation of powers principles; (c) the MSR term is a second sentence that subjects him to double jeopardy; and (d) the MSR term violates due process. On July 25, 2012, Respondent moved to dismiss the petition with prejudice as time-barred.

## II.     Analysis

It is undisputed that Petitioner has no further state court avenues of review, and thus he has exhausted his available state remedies as required by 28 U.S.C. § 2254(b). The question raised in Respondent's motion is whether the petition should be dismissed as untimely under the one year statute of limitations for Section 2254 petitions set forth in 28 U.S.C. § 2244(d)(1). Section 2244(d)(1) states:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a State court. The limitation period shall run from the latest of —
>
> (A)   the date on which judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In his petition, Petitioner did not allege a state-created impediment to filing, a newly-recognized and retroactive constitutional right, or a subsequent discovery of the factual predicate of a claim. See 28 U.S.C. §2244(d)(1)(B)-(D). Therefore, Respondent argues that the date on which Petitioner's conviction became final by the expiration of time for seeking review is the only applicable date on which to start § 2244(d)(1)'s one-year limitations period. See 28 U.S.C. §2244(d)(1)(A). Because Petitioner did not file a timely motion to withdraw his guilty plea, his conviction became final on October 22, 2006, thirty days after he pleaded guilty. See Ill. Sup. Ct. R. 604(d) (no appeal from judgment entered upon guilty plea unless within thirty days of sentence, motion to, inter alia, withdraw plea is filed); *People v. Brooks*, 908 N.E.2d 32, 36 (Ill. 2009); see also *Wright v. Chandler*, 2010 WL 5244766, at *1 (N.D. Ill. Dec. 10, 2010) (when petitioner pleads guilty in state court, judgment becomes final for purposes of § 2244(d)(1)(A) upon expiration of thirty-day period to file motion to withdraw plea); *Williams v. Acevedo*, 2008 WL 2561217, at *3 (N.D. Ill. June 24, 2008) (same). Thus, Petitioner had until October 22, 2007 to file a timely habeas petition in this Court. See 28 U.S.C. § 2244(d)(1)(A); *Coker v. Chandler*, 2011 WL 116890, at *1 (N.D. Ill. Jan. 13, 2011) (under § 2244(d)(1)(A), time to file timely habeas petition for petitioner who did not file motion to withdraw guilty plea in state court expired one year after last day to file such motion); *Beshears v. Veach*, 2008 WL 427834, at *2 (C.D. Ill. Feb. 13, 2008) (same).

Petitioner's 2009 post-conviction petition was filed too late to revive the already-expired limitations period under 28 U.S.C. § 2244(d)(2). See *Teas v. Endicott*, 494 F.3d 580, 582-83 (7th Cir. 2007) (where time under § 2244(d)(1)(A) has long expired before filing of state post-conviction petition, no collateral review "was pending" in state court and tolling provision under § 2244(d)(2) does not render petition timely); *Escamilla v. Jungwirth*, 426 F.3d 868, 870 (7th

Cir. 2005) ("state court's willingness to entertain a belated collateral attack on the merits does not affect the timeliness of the federal proceeding"). Petitioner's state court collateral attack—filed in 2009 after § 2244(d)(1)(A)'s limitations period had expired—was too late to have any tolling effect. Under § 2244(d)(2), the limitations period is tolled during the pendency of a "properly filed" application for post-conviction relief or other collateral review. See *Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005). However, between October 22, 2006, when the limitations period began running under § 2244(d)(1)(A), and August 24, 2009, when Petitioner filed his post-conviction petition, almost three years elapsed. Because § 2244(d)(1)'s limitations period had already expired, the state post-conviction petition was filed too late to have any tolling effect under § 2244(d)(2). See *Escamilla v. Jungwirth*, 426 F.3d 868, 870 (7th Cir. 2005) ("The state court's willingness to entertain a belated collateral attack on the merits does not affect the timeliness of the federal proceeding, because no state collateral review was 'pending' during 1998 and 1999").

In his response brief, Petitioner does not dispute the filing dates or the applicability of the one-year limitations period. Instead, he misreads the applicable law and the Court's docket. In regard to the law, Respondent's motion to dismiss argued that the period began to run when the judgment became final under § 2244(d)(1)(A). In his response, Petitioner asserts for the first time that he sought collateral relief within one year of his "discovery" of the alleged constitutional claims, apparently arguing for application of subsection (D) on the ground that the limitations period did not begin to run until he discovered the factual predicate of his claims. Yet the record clearly refutes Petitioner's claim. During his plea hearing, Petitioner was informed that if he were sentenced to the penitentiary he would have to serve a three-year term of MSR. See *People v. Hernandez*, No. 1-09-3191 (Ill. App. June 15, 2011). That is, he was told before

4

he pled guilty that any prison sentence would be followed by a term of MSR. This contradicts Petitioner's assertion that the factual basis for his claim was not discoverable through the exercise of due diligence until some unknown point within a year before his collateral attack. Furthermore, not only does the record contradict Petitioner's claim of recent discovery of the "factual predicate" of his claims, Petitioner provides no details whatsoever as to what he discovered, when he discovered it, how he discovered it, or whether it could have been discovered at an earlier time if he had exercised due diligence. Instead, Petitioner states that he is entitled to a hearing to explore these issues. To the contrary, his claim of recent discovery is flatly contradicted by the record. Since Petitioner provides no basis to start the limitations period at any time after October 22, 2006, and the record indicates that he knew or should have known of the MSR term at his plea hearing, the limitations period expired well before Petitioner began to pursue any collateral attack in state court.

Petitioner also argues that the time between his guilty plea and the filing of his post-conviction petition should be tolled because his state collateral attack was timely under state law. He misunderstands the statute: while his state collateral attack was timely under state law, it did not toll the federal limitations period for his subsequent federal habeas petition because it was filed too late to do so. See *Teas v. Endicott*, 494 F.3d 580, 582-83 (7th Cir. 2007) (where time under § 2244(d)(1)(A) has long expired before filing of state post-conviction petition, no collateral review "was pending" in state court and tolling provision under § 2244(d)(2) does not render petition timely). Petitioner does not dispute the filing date of his post-conviction petition, nor does he allege that he filed any earlier collateral attack that would have tolled the limitations period. Petitioner was not "attempting to exhaust his state court remedies" between October

5

2006 and August 2009; no collateral attack was pending, and that time was not tolled under § 2244(d)(2).

In regard to the Court's docket, Petitioner also complains that Respondent's motion to dismiss was itself untimely. However, the Court's order compelling a response "within twenty-eight days of the entry of [this Court's] order" was entered June 29, 2012; hence the response was due July 27, 2012, and Respondent's July 25, 2012 motion was timely. Although the docket states that the order was "filed" on July 25, 2012, the docket entry reflects that the order was not "entered" until July 29, 2012. While the Court appreciates Petitioner's position on this point, Respondent's motion was timely. Petitioner also asserts that the motion was an "improper answer," but the Court gave respondent the option to "answer or otherwise respond" to the petition.

Finally, Petitioner has not demonstrated that equitable tolling should excuse his untimely filing. In general, under the doctrine of equitable tolling, a court may toll the statute of limitations to benefit an otherwise untimely litigant if the litigant can establish that (i) she had been pursuing his rights diligently and (ii) some extraordinary circumstance prevented timely action. *Pace v. DeGuglielmo*, 544 U.S. 408, 418 (2005). The Seventh Circuit has suggested that equitable tolling might be applied to 28 U.S.C. §2244(d) "when extraordinary circumstances outside of the petitioner's control prevent timely filing of the habeas petition." *Lo v. Endicott*, 506 F.3d 572, 576 (7th Cir. 2007). At the same time, the court of appeals has stressed that "[e]quitable tolling is rarely granted" and recently observed that "we have yet to identify a petitioner whose circumstances warrant it." *Tucker v. Kingston*, 538 F.3d 732, 734 (7th Cir. 2008). Plaintiff does not argue for equitable tolling, and the nothing in the record suggests that Plaintiff pursued his rights diligently yet was thwarted by some "extraordinary circumstance"

that prevented him from complying with AEDPA's limitations period. *Pace*, 544 U.S. at 418. Instead, Petitioner has not provided any explanation for his three-year delay in seeking any review in state court, a delay that does not bespeak diligence. See, e.g., Pace, 544 U.S. at 419 (finding lack of diligence for purposes of equitable tolling where petitioner "s[a]t on his rights" for years before bringing claims in state court and then for months following conclusion of state court review).

In short, the one year limitations period under the AEDPA expired before Petitioner filed her state post-conviction petition, and Petitioner's arguments that this case is an appropriate case for invoking Section 2244(d)(1)(D) is unavailing as a matter of fact, law, or both.

## III. Certificate of Appealability

Under the 2009 Amendments to Rule 11(a) of the Rules Governing Section 2254 Proceedings, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Accordingly, the Court must determine whether to grant Petitioner a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2).

A habeas petitioner does not have an absolute right to appeal a district court's denial of his habeas petition; instead, he must first request a certificate of appealability. See *Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003); *Sandoval v. United States*, 574 F.3d 847, 852 (7th Cir. 2009). A habeas petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Miller-El*, 537 U.S. at 336; *Evans v. Circuit Court of Cook County, Ill.*, 569 F.3d 665, 667 (7th Cir. 2009). Under this standard, Petitioner Hernandez must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at

336 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  And in cases where a district court denies a habeas claim on procedural grounds, the court should issue a certificate of appealability only if the petitioner shows that (1) jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and (2) jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  See *Slack*, 529 U.S. at 485.

The Court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right, nor is there any reason to conclude that reasonable jurists would differ on whether his claims are time-barred under 28 U.S.C. § 2244(d)(1).  Thus, the Court declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

## IV.  Conclusion

For these reasons, the Court grants Respondent Marc Hodge's motion to dismiss [8] Petitioner Rafael Hernandez's petition for habeas corpus as time-barred under 28 U.S.C. § 2244(d)(1) and denies as moot Petitioner's informal request for an evidentiary hearing on the claims in his petition.  Finally, the Court declines to certify any issues for appeal under 28 U.S.C. § 2253(c)(2).

Dated: January 30, 2013  
                                               Robert M. Dow, Jr.  
                                               United States District Judge