# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 4332 | **DATE** | 4/22/2013 |
| **CASE TITLE** | Hernandez vs. Hodge | | |

**DOCKET ENTRY TEXT**

Before the Court are Petitioner's motions for attorney assistance [19] and rehearing [25]. For the reasons stated below, both motions are respectfully denied.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Petitioner Rafael Hernandez pleaded guilty to one count of aggravated criminal sexual assault and was sentenced to twelve years in Illinois state prison in late 2006. Nearly three years later, on August 24, 2009, Petitioner filed a state postconviction petition concerning the term of mandatory supervised release ("MSR") to which he would be subject upon his release from incarceration. Petitioner pursued postconviction relief in state court and ultimately sought a writ of certiorari from the United States Supreme Court after his efforts in state court proved unsuccessful. The United States Supreme Court denied Petitioner's petition for a writ of certiorari on May 14, 2012.

Shortly thereafter, on May 30, 2012, Petitioner filed in federal court a petition for a writ of habeas corpus [6]. He alleged that the state court judge failed to adequately admonish him regarding MSR, that the omission of an MSR term from the judgment against him violated the separation of powers clause, that the MSR term is a second sentence that placed him in double jeopardy, and that the MSR term violates due process. Respondent Marc Hodge moved to dismiss the petition as untimely [8]. The Court granted the motion [16] and entered judgment against Petitioner [17]. Petitioner then filed a notice of appeal [18] and sought counsel to assist him with the appeal [19]. Petitioner also filed a motion for rehearing [25], in which he contends that he first learned in May 2009 – from fellow inmates – that he would be subject to a term of MSR upon his release and promptly thereafter commenced his state and then federal postconviction proceedings. He asserts that the Court should have relied on 28 U.S.C. § 2244(d)(1)(D) rather than 28 U.S.C. § 2244(d)(1)(A) to determine the start date of the one-year statute of limitations period. He requests that the Court deny Respondent's motion to dismiss and rule on the merits of his petition, grant him an evidentiary hearing, or issue him a certificate of appealability. See [25] at 2.

As a general rule, a district court is divested of jurisdiction over a case once a notice of appeal is filed. See *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982); *Ameritech Corp. v. Int'l Bhd. of Elec. Workers, Local 21*, 543 F.3d 414, 418 (7th Cir. 2008). "This rule conserves judicial resources by preventing overlapping and potentially inconsistent decisions; whipsawing litigants between two courts is just as inconvenient for courts as it is for parties." *Ameritech Corp.*, 543 F.3d at 418. There are exceptions to the

rule, however, one of which is that "[d]istrict courts possess limited authority to deny Rule 60(b) motions while an appeal is still pending, allowing the court of appeals to make its resolution final one, knowing that a district court has no desire to amend its ruling." *Id.* at 418-19. Petitioner does not specify the rule under which he brings his motion for rehearing, but the Seventh Circuit has held that motions filed more than twenty-eight days after entry of judgment are presumed to have been filed under Rule 60(b). See *Hope v. United States*, 43 F.3d 1140, 1143 (7th Cir. 1994) (applying the principle to the ten-day period set out in Rule 59(e) prior to December 1, 2009); see also *Talano v. Nw. Med. Faculty Found., Inc.*, 273 F.3d 757, 762 (7th Cir. 2001). Petitioner's motion was filed more than twenty-eight days after entry of judgment; thus, the Court construes the motion as one brought under Rule 60(b).

"Relief under Rule 60(b) is an extraordinary remedy that is to be granted only in exceptional circumstances." *Provident Sav. Bank v. Popovich*, 71 F.3d 696, 698 (7th Cir. 1995); see also *Bakery Mach. & Fabrication, Inc. v. Traditional Baking, Inc.*, 570 F.3d 845, 848 (7th Cir. 2009). A Rule 60(b) motion permits relief from judgment when it is based on one of six specific grounds listed in the rule. Petitioner did not identify under which ground(s) he seeks relief, but his contentions that Respondent's "assertion that 28 U.S.C. § 2244(d)(1)(A) is applicable in this case is unsupported by the record, and, that the correct date to begin the (1) year Statute of limitations is 2244(d)(1)(D)" suggest that the most relevant provisions are Rule 60(b)(1), which allows for relief in instances of "mistake, inadvertence, surprise, or excusable neglect," Rule 60(b)(3), which "permits relief from a final judgment for reasons of fraud * * *, misrepresentation, or misconduct by an opposing party, " and Rule 60(b)(6), which is a catch-all provision that permits relief for "any other reason that justifies" it.

Relief is not warranted under any of these provisions. First, Petitioner has not demonstrated any misrepresentation by Respondent the Court as to the contents of the record. The transcript of the plea hearing, which Petitioner himself quotes several times in his motion for rehearing, indicates that Petitioner was informed of at least the possibility that he would be subject to a term of MSR. The Court stands by its previous conclusion that "[t]his contradicts Petitioner's assertion that the factual basis for his claim was not discoverable through the exercise of due diligence until some unknown point within a year before his collateral attack." [16] at 5. Regardless of the adequacy of the trial court's admonition under *People v. Morris*, 925 N.E.2d 1069 (Ill. 2010), and *People v. Whitfield*, 840 N.E.2d 658 (Ill. 2005), there is no indication that Petitioner took any steps – or was precluded from taking any steps – to ascertain whether his sentence included a term of MSR in a diligent fashion. "Section 2244(d)(1)(D) requires the petitioner to exercise due diligence in uncovering the factual basis for his claims," *Daniels v. Uchtman,* 421 F.3d 490, 492 (7th Cir. 2005), and Petitioner has not demonstrated that he exercised any diligence.

Second, Petitioner has not demonstrated "any other reason" why the limitations clock should have been stopped until May 2009, when he claims he "was informed by fellow inmates at W.I.C.C. that ALL sentences * * * WERE followed by a term of MSR, to be served AFTER the term of imprisonment has expired." [25] at 2. He has provided more details about the alleged belated discovery than he did in his original petition and response to Respondent's motion to dismiss, but it still is unclear why Petitioner was unable to discover this information earlier, or why justice requires that the Court apply § 2244(d)(1)(D) rather than § 2244(d)(1)(A). Petitioner has likewise failed to demonstrate that reasonable jurists would differ on whether his claims are time-barred under § 2244(d)(1) such that a certificate of appealability is warranted. Nothing in Petitioner's application casts doubt on the Court's prior conclusion that his claims are time-barred and that reasonable jurists would not differ as to that conclusion. Accordingly, the Court respectfully denies Petitioner's motion for rehearing and request for a certificate of appealability [25].

## STATEMENT

The Court also denies Petitioner's motion for attorney assistance [19]. Petitioner's motion for appointment of counsel would be more appropriately handled by the Seventh Circuit Court of Appeals, which will be considering his appeal. In light of the fact that this Court does not have jurisdiction to consider the motion for attorney assistance, the Court denies the motion [19] without prejudice and advises Petitioner that he may re-file the motion in the Seventh Circuit Court of Appeals.